KING et al. v. WOOTEN.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1893.)

No. 70.

APPEAL—CONTEMPT PROCEEDINGS—WHAT ARE.

Certain property in the possession of the receiver of a federal court was levied on and sold for taxes by a state sheriff, and the purchaser replevied it from the receiver, who gave a forthcoming bond. The receiver then filed a petition asking the protection of the court appointing him, and after hearing it was decreed that the sale was null and void; that the sheriff and purchaser were in contempt of court; that they desist from any interference with the property; that the purchaser dismiss his replevin action; and that the receiver pay all taxes due the sheriff. *Held*, that this was merely a contempt proceeding, from which no appeal would lie, for the decree was only for the purpose of protecting the possession of the receiver, and did not determine the ultimate rights of the purchaser at the sale.

Appeal from the Circuit Court of the United States for the Northern District of Mississippi.

In Equity. Petition by W. H. Wooten, receiver, asking the protection of the court against T. O. King and Leo Lesser and others as to certain property seized and sold by them for state taxes. A decree was entered finding respondents guilty of contempt, and enjoining further interference with the property. Respondents appeal. Dismissed.

W. H. Wooten was appointed receiver of a certain sawmill and appurtenances situated in Tunica county, Miss., in a suit styled Wooten & Tarrant vs. Frank Ingram Co. and others, pending in the United States circuit court for the western division of the northern district of Mississippi. While the receiver was in possession of this property by his agent it was levied upon and sold for taxes by T. O. King, the sheriff of Tunica county, through his deputy, W. A. Spratlin, and was purchased by Leo Lesser. The receiver having repossessed himself of the property immediately after the sale, Lesser replevied the same from him, and the receiver then gave a forthcoming bond, and had the property again delivered to him. He then filed a petition praying the protection of the court and alleging that he was unaware of the tax claim until the day following the sale; that he had subsequently made a tender of the amount of all taxes and charges, with 25 per cent. in addition, but that such tender was refused. The petition also set forth the replevin proceedings, and averred that there was a fraudulent combination on the part of the purchaser and the deputy sheriff, to put the title in the purchaser by means of the tax sale, and also that there were ample funds in the hands of the receiver to pay the taxes. The petition prayed, among other things, for a rule against the sheriff, his deputy, the purchaser, and his agent, to show cause why they should not be attached for contempt. The rule was granted, and after a hearing the court entered a decree ordering and adjudging as follows: "(1) That said sale be, and the same is hereby, declared

null and void. (2) That said. T. O. King, W. A. Spratlin, Leo Lesser, and E. Doherty, be, and they are all declared to be, in contempt of this court. (3) That said defendants do pay all the costs of this proceeding, and desist from any other or further interference with any of said property in the hands of said receiver. (4) That said Leo Lesser do dismiss the replevin suit brought against said J. K. Wooten, agent of the receiver, for said property in the circuit court of Tunica county, Miss. After he shall have so dismissed said suit, and the defendants have paid all the costs of this proceeding, they, and each and all of them, shall stand acquitted of all contempt of this court. It is further ordered by the court that the clerk of this court do pay over to the sheriff of Tunica county, Miss., the taxes—$77.08—due, as shown in the pleadings, which is a lien on said property, out of the money in his hands paid to him by said receiver for that purpose; and that defendants, who pray in open court an appeal to the next term of the circuit court of appeals, be and are now allowed said appeal, and thirty days within which to tender their bill of exceptions."

Calvin Perkins and T. J. Lowe, (Lowe & Cochran on the brief,) for appellants.

W. V. Sullivan, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The first line of the brief of counsel for the appellant concedes that, if this is nothing more than a contempt proceeding, it should be dismissed. It is not disputed that the property in controversy had been taken possession of by the circuit court through its receiver, the appellee, W. H. Wooten. There is some question raised about its being at the time leased under an order of that court, but this we consider wholly immaterial, as such leasing, if it had occurred, did not discharge the property from the custody of the court. The recognized mode of protecting property in the custody of the court is by treating as null all attempts to withdraw it without leave of the court, whether by color of other legal process or otherwise than by order of the court in possession, and, when necessary, such possession is protected by proceedings to attach and punish for contempt all persons who persist in attempting to disturb the possession of the law. This presents no difficulty on the question of taxes. The judiciary is a co-ordinate department of the government. The government is not at war with itself. Nor does any embarrassment arise out of the fact that the taxes claimed are state taxes, and the court holding possession is a national court. The national courts, as well as all other departments of the national government, are charged to recognize, observe, and enforce the rights of the states, of which the national government is the ultimate judge and supreme guarantor. In this case the tax lien, like all other liens on the property, would doubtless have received the attention due to it from the court on proper application, and the circuit court could not permit the property withdrawn from its possession in the manner attempted by the tax collector. The declaration by the circuit court that the tax sale was void had relation only to the proceeding then before the court, the object of which was to protect the court's possession of the property while engaged in settling the rights to it or liens on it under the issues joined or to be joined in the suit in

which appellee was appointed receiver. This proceeding was clearly a contempt proceeding, one which, in the very nature of the case, must be summary to be at all effective. It was manifestly not intended to conclude the ultimate rights of the purchaser at the tax sale, but was only to the effect and extent that he could not in that way dispossess the receiver. We conclude, therefore, that the appeal must be dismissed at the cost of the appellant, and it is so ordered.